**AFFIRM; Opinion Filed June 12, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00398-CR

**FRANCES MAFNAS DAVIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-83715-2016**

# MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Francis Mafnas Davis appeals her convictions for continuous sexual abuse of a child under the age of fourteen and aggravated sexual assault of a child. We affirm the trial court's judgments. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Appellant was indicted with one count of continuous sexual abuse of a child under the age of fourteen, one count of sexual assault of a child, and two counts of indecency with a child by sexual contact. Prior to voir dire, appellant made an oral motion in limine requesting as to "the alleged victim in this case. They can call her the alleged victim or complainant, but if they just call her a victim, she's not been found to be a victim. She's a complainant." The trial court judge overruled the motion.

The case proceeded to a trial before a jury, who found appellant guilty of the offenses of continuous sexual abuse of a child under the age of fourteen and sexual assault of a child and acquitted her of the two counts of indecency with a child by sexual contact. The trial court assessed punishment at twenty-five years' confinement in each of the offenses for which appellant was convicted and ordered the sentences to run concurrently.

## DISCUSSION

In a single issue on appeal, appellant argues the trial court abused its discretion and harmed appellant by allowing the State and its witnesses to use the term "victim" during the guilt and innocence phase of trial. Appellant urges the use of this term violated her right to due process and harmed her by eroding the presumption of her innocence. The State responds that appellant failed to preserve this issue because (1) she raised the objection in the context of a motions-in-limine hearing, rather than at trial, and (2) she stated no legal basis for her request. The State further responds, in the alternative, that the trial court did not abuse its discretion in allowing the State or its witnesses to use the term "victim" in front of the jury and that appellant has failed to show any harm from the use of this term.

Even assuming, without deciding, appellant preserved the issue here, she has failed to show harmful error on this record. Appellant has alleged the use of the term "victim" violated her right to due process and harmed her by eroding the presumption of her innocence. Thus, without deciding whether such error is constitutional, we will determine whether any error was a contributing factor in the jury's deliberations at arriving at its verdict. *See Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007) (setting forth harm analysis pursuant to rule 44.2(a) of rules of appellate procedure). In reaching this decision, we consider the source and nature of the error (*e.g.*, erroneous admission or exclusion of evidence, objectionable jury argument), to what extent, if any, it was emphasized by the State, the probable implications of the error, and the weight

–2–

the jury would likely have assigned to it in the course of its deliberations. *See Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011).

The record reflects that the State referred to the complainant here as "victim" and not "alleged victim" or "complainant" a total of three times in the presence of the jury over the course of a three-day trial, and all three times were in the course of the prosecutor's examination of a State's witness. *See Reich v. State*, No. 05-14-00562-CR, 2015 WL 4505937, at *7 (Tex. App.—Dallas July 24, 2015, pet. ref'd) (mem. op., not designated for publication) (analyzing whether substantial rights affected pursuant to rule 44.2(b) of rules of appellate procedure and concluding, even assuming any error, no harm where State used "victim" to refer to complainant in jury's presence nine times during two-day jury trial). Further, the word "victim" is mild, non-prejudicial, and is commonly used at trial in a neutral manner to describe the events in question. *See id.* (citing *Tollefson v. Stephens*, Nos. SA: 14–CV–144–DAE, SA: 14–CV–171–DAE, 2014 WL 7339119, at *17 (W.D. Tex. Dec. 23, 2014) (" . . . it is not error for the State, witnesses, or defense counsel to use the word 'victim' at trial.")). Accordingly, we conclude the error, if any, here was harmless.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgments.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
180398F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRANCES MAFNAS DAVIS, Appellant

No. 05-18-00398-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-83715-2016.
Opinion delivered by Justice Schenck,
Justices Osborne and Reichek participating.

Based on the Court's opinion of this date, the judgments of the trial court are **AFFIRMED**.

Judgment entered this 12th day of June, 2019.